IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FLOYD P. TARVIN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-06-0854 |
| | § | |
| DOUGLAS DRETKE, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND OPINION**

Petitioner, Floyd P. Tarvin, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a 1987 DWI conviction. This court finds that it has jurisdiction to consider Tarvin's claims but that they lack merit. The case is dismissed by separate order.

**I.     Background**

In July 1987, Tarvin was convicted in Criminal Court Number 8 in Harris County, Texas of driving while intoxicated ("DWI"). Tarvin's punishment was a thirty-day sentence in the Harris County Jail.

On March 14, 2006, this court received Tarvin's federal petition. Tarvin asserts that on June 3, 1987, he was arrested for suspicion of operating a motor vehicle in a public place while intoxicated. With the assistance of court-appointed counsel, Tarvin pleaded *nolo contendere* on July 22, 1987. (Cause Number 950948). Tarvin states that he never waived his right to a jury trial in writing. Tarvin's complaint is that his 1987 DWI conviction was

used to enhance the sentence he received after two later convictions, for which he is currently imprisoned.

Tarvin only provides the cause number for one of those convictions. In Cause Number 881716, a jury in the 351st District Court, Harris County, Texas convicted Tarvin of DWI. The conviction was in 2002. At the punishment hearing, the trial court found two felony enhancement paragraphs true: one for an earlier conviction for involuntary manslaughter and the other for possession of a controlled substance with intent to deliver. On August 15, 2002, the trial court sentenced Tarvin to a sixty-year term. On February 19, 2004, the First Court of Appeals affirmed Tarvin's conviction, finding that his sentence was not cruel or unusual. *Tarvin v. State*, No. 01-02-01034-CR, 2004 WL 308454, *2 (Tex. App. -- Houston [1st Dist.] 2004, pet. ref'd) (not designated for publication).

Tarvin states that on June 9, 2005, he filed a state habeas application challenging his 1987 DWI conviction. Tarvin asserts that on August 25, 2005, he filed proposed findings of fact and conclusions of law, but received no response. Tarvin asserts that he has repeatedly requested a postconviction cause number, but received no response. On September 28, 2005, Tarvin sought to compel the Clerk of Harris County to issue a writ number. He received no response. On January 25, 2006, Tarvin filed a motion for leave to file a petition for a writ of mandamus. In response, a postconviction division clerk told Tarvin that the court did not have jurisdiction over the filing. Tarvin explains that he seeks relief in federal court because the state courts have denied him due process.

Tarvin asserts that he is currently confined based on the 1987 judgment in Cause No. 950948, which was used for enhancement purposes in 2002 in Cause No. 881716. Tarvin asks this court to grant relief on his state application for habeas corpus. (Docket Entry No. 3, Petitioner's Memorandum, p. 5).

**II.     Analysis**

The first showing a federal habeas petitioner must make is that he is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). In *Maleng v. Cook,* 490 U.S. 488 (1989) (per curiam), the Supreme Court considered a situation similar to the one presented here. In that case, a prisoner had filed a § 2254 petition listing as the "'conviction under attack'" a 1958 state court conviction for which he had already served the sentence. 490 U.S. at 489-490. The prisoner alleged that this 1958 conviction had been "used illegally to enhance his 1978 state sentences" that he had not yet begun to serve because he was at that time in federal custody on an unrelated matter. *Id*. The Supreme Court determined that the prisoner was "in custody" on his 1978 sentences because the State had lodged a detainer against him with the federal authorities. *Id.* at 493. The Court held that the prisoner was not "in custody" on his 1958 conviction merely because that conviction had been used to enhance a subsequent sentence. *Id.* at 492. The Court acknowledged, however, that because the § 2254 petition "[could] be read as asserting a challenge to the 1978 sentences, as enhanced by the allegedly invalid prior conviction, . . . respondent . . . satisfied the 'in custody' requirement for federal habeas jurisdiction." *Id.* at 493-494.

3

Tarvin is no longer serving the sentence for his 1987 conviction. He cannot bring a federal habeas petition directed solely at that conviction. Tarvin is currently serving a sixty-year sentence for his 2002 DWI conviction. (Cause Number 881716). He contends that his 1987 DWI conviction was used to enhance that sentence.

Although this court has jurisdiction to consider Tarvin's claim, the record does not allow the claim to proceed. The 2002 sentence was enhanced by two paragraphs relating to earlier convictions for involuntary manslaughter and for possession of a controlled substance with intent to deliver, not DWI. *Tarvin v. State,* No. 01-02-01034-CR, 2004 WL 308454, *1 (Tex. App. -- Houston [1st Dist.] 2004, pet. ref'd) (not designated for publication). Contrary to Tarvin's contention, the trial court did not use Tarvin's 1987 DWI conviction to enhance the sentence for the 2002 conviction.

Even if Tarvin's 1987 conviction was used to enhance the 2002 sentence, the claim fails. Under *Lackawanna County District Attorney v. Coss,* 532 U.S. 394, 403 (2001), Tarvin's 1987 conviction is "conclusively valid." In *Lackawanna County*, the Court held as follows:

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. *See Daniels [v. United States,* 523 U.S. 374, ___, 121 S. Ct. 1578, 1583 (2001)]. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Id.* at 403-04. Tarvin's pleadings show that he served his thirty-day sentence for the 1987 conviction. The 1987 conviction was "no longer open to direct or collateral attack in [its] own right" when he filed this federal petition.

The Supreme Court recognized an exception to the general rule announced in *Lackawanna* when the petitioner challenges "an enhanced sentence on the basis that the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, as set forth in *Gideon v. Wainwright,* 372 U.S. 335 (1963)." *Lackawanna County District Attorney,* 531 U.S. at 404. Tarvin states in his petition that he was represented by court-appointed counsel. (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, pp. 1-2). Because Tarvin does not allege that there was a failure to appoint counsel in violation of *Gideon,* he has no basis on which to challenge the 1987 conviction.

### III.    Conclusion

Tarvin's petition for a writ of habeas corpus is denied. This case is dismissed. Tarvin's motion to proceed as a pauper, (Docket Entry No. 2), is granted. The remaining pending motions are denied as moot.

The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel,* 429 U.S. 473, 483 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are

suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000). When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rudd v. Johnson,* 256 F.3d 317, 319 (5th Cir. 2001) (citing *Slack,* 529 U.S. at 484). Tarvin has not made the showing necessary for issuance of a COA.

SIGNED on March 31, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge